IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>THE SUM OF $3,597,929.68, MORE OR LESS, IN UNITED STATES FUNDS, DEPOSITED BETWEEN THE DATES OF 3/2/07 AND 3/7/07 INTO A BANK ACCOUNT AT FIRST SECURITY BANK, ROGERS, ARKANSAS, AS MORE PARTICULARLY DESCRIBED HEREIN,<br><br>   Defendant. | Case No. CV-07-165-S-BLW<br><br>JUDGMENT, DECREE OF FORFEITURE AND CERTIFICATE OF REASONABLE CAUSE |

  This cause coming before the Court upon the application of plaintiff, United States of America, for Judgment, Decree of Forfeiture and Certificate of Reasonable Cause and, upon the stipulation for compromise and settlement by the United States, Claimant Supervalu, Inc., and Claimant Frito-Lay, Inc., and the Court being fully advised in the premises, finds:

  1. That on April 9, 2007, a Verified Complaint In Rem against the defendant property above-named was filed on behalf of the plaintiff, United States of America.  The complaint alleges that the defendant property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), because it constitutes property involved in

transactions or attempted transactions in violation of sections 1956 and/or 1957 (money laundering), or property traceable to such property; and pursuant to 18 U.S.C. § 981(a)(1)(C), as any property which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7)(A), which includes all racketeering

JUDGMENT - 1

predicates set out in 18 U.S.C. § 1961, including a violation of 18 U.S.C. § 1343 (wire fraud).

 2. That notice of this action was given to all interested parties and notice of this forfeiture was published in the Idaho Statesman on December 1, 8 and 15, 2007, in accordance with the requirements of Rule G(4)(a) and (b), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

 3. That claims were filed by Supervalu, Inc. (Docket No. 13) and Frito-Lay, Inc. (Docket No. 11). No other claims were filed.

 4. That on or about February 13, 2008, Plaintiff United States, Claimant Supervalu, Inc. and Claimant Frito-Lay, Inc. entered into a Stipulation for Judgment, Decree of Forfeiture and Certificate of Reasonable Cause (Docket No. 25), which Stipulation was approved by order of the Court on February 28, 2008 (Docket No. 26).

 5. That default was entered against Christopher Richards, individually, and as President of Fabulous Furniture, Inc.; and First Security Bank on April 17, 2008 (Docket No. 28) and default judgment may now be entered.

 6. That the terms of the stipulation and agreement between the parties acknowledge that the defendant property is subject to forfeiture to the United States of America on the grounds that said property constitutes the proceeds of fraud and money laundering. Further, the parties agreed that the claimants would seek recovery of their funds after forfeiture of the defendant property, plus any interest earned, by means of a joint petition for remission/mitigation. Said Petition was sent to the Attorney General of the United States and approved on July 9, 2008.

7.  That the allegations of the Verified Complaint In Rem are taken as admitted.

8.  That this Court has jurisdiction pursuant to 28 U.S.C. § 1355(b)(1). Based upon the findings and the Court being otherwise fully advised in this matter, NOW, THEREFORE:

IT IS HEREBY ORDERED, that default judgment of forfeiture be and hereby is ordered against Christopher Richards, individually, and as President of Fabulous Furniture, Inc.; and First Security Bank, and that judgment of forfeiture be, and the same is hereby entered in favor of the United States and against the claimants above named and all other persons or parties, forfeiting all right, title, claim or interest they may have in the defendant property described below and that title to such property be and is hereby vested in the United States of America, and that no other person or entity shall have any claim of interest therein:

> THE SUM OF $3,597,929.68, MORE OR LESS, IN UNITED STATES FUNDS, DEPOSITED BETWEEN THE DATES OF 3/2/07 AND 3/7/07 INTO A BANK ACCOUNT AT FIRST SECURITY BANK, ROGERS, ARKANSAS.

IT IS HEREBY CERTIFIED by this Court pursuant to Title 21 U.S.C. §2465 and based upon the pleadings on file, that there was reasonable cause for seizure on the part of the United States of America. The parties shall bear their own costs and attorney fees, and this case is closed.

DATED: **August 4, 2008**

_____
B. LYNN WINMILL
Chief Judge
United States District Court